ROBERT L. BLAND, Judge.
Driving a 1937 model Packard automobile, Mrs. Frank Warner Knight, wife of Corporal Gale Knight of the West Virginia department of public safety, left her home at New Cumberland, Hancock county. West Virginia, about eight o’clock on the morning of July 20, 1940, to visit her sister at West Union, Doddridge county, in said state. She was accompanied by claimant Betty Jane Smith, her daughter by a former marriage, at that time seventeen years of age. The distance between the two towns was approximately one hundred and twenty miles. The two ladies were the only occupants of *2 the automobile and sat in the front seat of the vehicle, which was driven by Mrs. Knight at an average rate of speed of about thirty-five miles per hour.
While driving on state route No. 18 in Tyler county, and when within one-half mile from the county line of Tyler and Doddridge counties, the automobile skidded, left the highway and went over a fifty-foot embankment on the right-hand side of the road. There were no witnesses to the accident. Claimant suffered a broken back. Dr. E. Bennette Henson, a bone and joint specialist of Charlston, made an examination of her condition on November 14, 1944. He “found she had a broken back— the residuals of a broken back in the dorsal spine, that is, the seventh and eighth dorsal vertebrae.”
Claimant now seeks an award by way of damages for the injuries which she has received and asks that her hospital and doctor bills may be paid.
It is the contention of claimant that it was the legal duty of the state, acting by and through its road commission, to “keep and maintain said state public highway in a reasonably safe condition for vehicular traffic.” She says that the road commission negligently and carelessly failed to keep said highway in a reasonably safe condition for vehicles to travel over and upon, in that employees of said road commission negligently and carelessly piled a large amount of loose gravel upon said highway at the point where the car in which she was a guest was being driven and that said employees negligently and carelessly failed to spread the gravel along and upon said public highway in a proper and safe manner and negligently and carelessly permitted said gravel to remain in a large pile. She attributes the cause of the accident to these alleged acts of negligence on the part of the road commission.
The evidence in the case is in sharp conflict. Corporal Knight, Mrs. Knight, his wife, claimant and Madge Schmidt, who had made her home in the Knight family for ten years, testified in unmistakable terms to the effect that there was a large pile of gravel on the right-hand side of the road and that by reason of *3 the car running into it the accident occurred. Mrs. Knight, mother of claimant and driver of the automobile, said: “Well, as I hit this gravel my car swerved to the right, and I, of course, tried to keep it in the road, and it swerved to the left and started to skid sideways and almost upset in the middle of the road, and then — I don't know what made it — I think I must have got my foot on the gas thinking I was on the brake.” After the occurrence of the accident Corporal Knight was notified at New Cumberland and immediately drove to the scene. He testified: “Just prior — -about a hundred feet before the car went over the embankment — all of this road was gravelled road —there were a pile of gravel on the righthand side traveling toward West Union, south, about 12 feet long and about six or. seven or eight inches deep. Gravel had been dumped there on. the traction of the road on the righthand side.” Mrs. Schmidt visited the scene of the accident on the day following its occurrence and corroborated the testimony given by Corporal and Mrs. Knight. The testimony of claimant herself was not enlightening, but was to the same substantial effect of that given by the other witnesses. The car skidded for one hundred feet from the point where claimant’s mother said it struck the pile of gravel before going over the embankment. Both ladies were rendered unconscious. Neither Corporal Knight nor Mrs. Schmidt saw the accident occur. When a gentleman from West Union went to the scene of the accident to transport claimant and her mother to West Union neither told him anything about having run into a pile of gravel.
The evidence offered by the road commission in opposition to the claim makes it plain to the court that the accident could not have occurred for the reason and under the circumstances relied upon by claimant. All of this evidence is positive, direct and persuasive. F. R. Amos, maintenance superintendent of roads in Tyler county, and so employed for seven years, and familiar with state route 18 in Tyler county, said that no accident of claimant had been reported to him and that if an obstruction had existed on the highway it would have been reported to his department, which was never done. He said *4 that no gravel was placed upon state route 18 in July, 1940, and that if any gravel had been placed upon the road he would have known about it. He said there was never heavy traffic on that road.
Harvey Graham, maintenance foreman for the road commission in Tyler county, who has been employed on the highway in question for twenty-one years, Russell Ashe, foreman and truck driver for the road commission, John W. Headley, employee of the road commission, and Roy Rhodes, a former truck driver, testified in such particularity as to make it obvious to the court that the road on which the accident occurred was in good condition for public travel and that no pile of gravel was on the road in the month of July, 1940, at the point where it is contended by claimant that there was a pile of gravel. No good purpose will be served by detailing the testimony of these several witnesses. It is sufficient to say that the claimant has failed to establish the merit of her claim as one for which the Legislature should make an appropriation.
We repeat what we have heretofore said that the state does not guarantee the safety or freedom from accidents of persons using its public highways.
It is unfortunate that the accident in question should have occurred, but we are unable to find anything in the record that would warrant an award in favor of claimant. An award will therefore, be denied and the claim dismissed.